PER CURIAM:
Claimant, an inmate at Mount Olive Correctional Complex, brought this claim to recover the value of items which he had ordered and which he was not allowed to possess. These items were destroyed by personnel at the Complex. Mount Olive Correctional Complex is a facility of respondent in Fayette County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
Claimant ordered a clip-on-light and a four-quart food storage container from a specialized catalog approved for use by inmates. The four-quart food storage container was not approved by the facility. Pursuant to Mount Olive Correctional Complex Operational Procedure Number 3.10, the clip-on-light was allowed by the facility. Unbeknownst to claimant, the Deputy Warden had given a verbal directive that new clip-on-lights were to be restricted and no longer approved for use by the inmates. The value of the clip-on-light and the food storage container were $6.25 and $1.75, respectively. When the items arrived at the facility on or about the 20th day of March, 2000, these were confiscated by the State Shop. Respondent, in a memorandum dated the 4th day of April, 2000, informed claimant that he was not allowed to possess the clip-on-light and that it had been confiscated. The memorandum further stated that claimant had seven days to inform the State Shop whether to return the items or allow them to be destroyed. Claimant asserts that this time frame did not allow him sufficient time to appeal the decision. Thus, the items were destroyed.
The position of respondent is that it was not responsible for the demise of the ordered items. According to Assistant Warden of Operations Tim Whittington, he was given a verbal directive from the Deputy Warden to disallow new clip-on-lights from the facility. Moreover, the Deputy Warden is the individual responsible for issuing such a memorandum to inmates regarding a change in the operating policy. Mr. Whittington further testified that claimant was given an option as to how the property was to be disposed. Claimant chose to allow the property to be destroyed and in the process, suffered a loss.
In the present claim, the Court is of the opinion that claimant sustained a loss as a result of the actions of respondent. However, the Court is further of the-opinion that the maxim de minimis non curat lex is applicable to this claim. This venerable principle of the common law stands for the proposition that the law does *236 not care for, or take notice of, very small or trifling matters. Black’s Law Dictionary, 297 (6th ed. 1990). According to this principle, mere nominal damages proved as a matter of set-off or recoupment are disregarded in the ascertainment of the amount due a claimant. Harper vs. Coal & Land Co., 80 W.Va. 246; 92 S.E. 565 (1917). The Court has determined that the controversy in this claim involves damages which are inconsequential. Consequently, this claim should be disallowed.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to deny this claim.
Claim disallowed.